## Sausser et al. *versus* Steinmetz.

Plaintiff made a parol contract with defendant to lease certain premises for five years, at a fixed rent. Defendant refused to take the premises at the time agreed upon, and they remained untenanted for a year, when plaintiff brought an action to recover damages therefor, *Held*, that the action would lie; but as the proposed lease was within the Statute of Frauds, and hence the parol agreement could give it no force, the damages recovered could be only those which arose directly from the breach; and reversing the court below, that the rent agreed upon could not be used as a measure of damages, nor could the plaintiff recover for the time the premises were idle, in the absence of proof that he was prevented from renting them by reason of the agreement with the defendant.

January 13th 1879. Before Sharswood, C. J., Mercur, Gordon, Paxson, Woodward, Trunkey and Sterrett, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term 1877, No. 183.

Assumpsit by Daniel Steinmetz against B. F. Sausser and others, trading as B. F. Sausser & Co.

In the fall of 1871, defendants made a parol contract with plaintiff to lease from him, for five years, certain premises. The lease was to commence on January 1st 1872, $2000 to be paid for the first year, and $1750 per year thereafter. The plaintiff was to make certain alterations in the building. He commenced these alterations, and in December 1871, defendants presented him with a lease which he refused to sign, on the ground that it contained conditions which had not been agreed upon. The defendants then refused to take the property unless this lease was signed. The plaintiff proceeded with the alterations, and when finished, on December 30th, tendered the keys of the building to defendants, who refused them. Immediately after January 1st 1872, plaintiff put a bill on the premises "To Let;" but a year elapsed before he secured a tenant, and then at only $1800 a year. The *narr.* contained an averment of refusal by defendants to have and take possession of the premises and pay the rent and that the premises remained idle, unoccupied and unproductive.

At the trial before Biddle, J., the plaintiff requested the court to charge as follows, which was refused.

"The plaintiff, not claiming damages by reason of the alterations and improvements mentioned, and there being no evidence of any other specific damages sustained, should your verdict be for the plaintiff, the damages to be assessed can only be nominal damages."

In the general charge the court said:

"Now in this case a gentleman had leased his property for $2000, and by the violation of the contract he did not receive a dollar, and you might consider that the $2000 represents the amount of injury that he sustained, if, as he tells you, he advertised and was only able to rent his place at the end of the year, and you may take that as a measure of damages, if you wish."

[Sausser *v.* Steinmetz.]

The court also refused to charge at the request of defendants as follows :

" The tender of the keys without an accompanying lease duly executed and sufficient in law to assure upon the conditions and for the term agreed upon the possession of the premises to the defendants, was not such a compliance with the alleged agreement to enter into a lease as under the testimony would entitle the plaintiff to recover in this action and your verdict should be for the defendants."

The verdict was for $2448.58, for plaintiff, and judgment was entered thereon, when defendants took this writ, among the assignments of error being the refusal of the above points and the portion of the charge noted.

*B. F. Fisher*, for plaintiffs in error.—The measure of damages for the breach of a contract to lease is the same as for the breach of a contract to sell land : McClowry *v.* Croghan's Admr's, 7 Casey 23 ; Bowser *v.* Cessna, 12 P. F. Smith 148. Nothing can be recovered for the loss of a parol bargain for the sale of land except when there is fraud, beyond compensation for the loss actually sustained, and not for the value of the bargain : Harris *v.* Harris, 20 P. F. Smith 170 ; Dumars *v.* Miller, 10 Casey 319 ; Hertzog *v.* Hertzog, Id. 418 ; Thompson *v.* Sheplar, 22 P. F. Smith 160 ; Measom *v.* Kaine, 17 Id. 131 ; Ewing *v.* Thompson, 16 Id. 383 ; Bender *v.* Bender, 1 Wright 419 ; Haines *v.* O'Conner, 10 Watts 320 ; McNair *v.* Compton, 11 Casey 23 ; Sands *v.* Arthur, 3 Norris 479.

The plaintiff having sustained no special damage he is only entitled to recover the difference between the rent contracted to be paid and a fair rent of the property at the time when it should have been delivered : Newburgh *v.* Walker, 8 Gratt. (Va.) 16 ; Trull *v.* Granger, 8 N. Y. 115 ; Wolf *v.* Studebaker, 15 P. F. Smith 460.

The tender of the keys without a lease would not give possession of a term within the Statute of Frauds : Brown *v.* Metz, 5 Watts 164 ; Smith *v.* Webster, 2 Id. 478 ; Huber *v.* Burke, 11 S. & R. 238 ; Sutherland *v.* Purry, 2 P. & W. 145.

*J. R. Rhoads*, for defendant in error.—The refusal to accept the premises by defendant relieved plaintiff from the necessity of tendering a lease : Sugden on Vendors 261 ; Tinney *v.* Ashley, 15 Pick. 546 ; Weaver *v.* Zimmerman, 3 W. N. C. 56 ; Hampton *v.* Speckenagle, 9 S. & R. 222. The court laid down the proper measure of damages : Feigel *v.* Latour, 1 W. N. C. 335.

Mr. Justice GORDON delivered the opinion of the court, January 27th 1879.

It would appear from the evidence in this case that some time in the fall of 1871 B. F. Sausser, representing himself and his copartners, made a parol agreement with Daniel Steinmetz, the plaintiff

[Sausser *v.* Steinmetz.]

below, to lease for the term of five years, from the 1st of January then next following, certain premises on north Fifth street, in the city of Philadelphia, Steinmetz agreed to make certain alterations in the premises, required and deemed necessary by Sausser, in order properly to fit them for the business the defendants proposed to carry on therein. According to the finding of the jury, the plaintiff performed his part of the agreement, but the defendants were in default, in that they refused to execute the lease. For the breach of this oral contract this suit was brought, and, in discussing the measure of damages to which the plaintiff was entitled, the learned court below charged, "Now in this case a gentleman had leased his property for $2000, and by the violation of the contract he did not receive a dollar, and you might consider that the $2000 represents the amount of injury that he sustained, if, as he tells you, he advertised and was only able to rent his place at the end of the year, and you may take that as a measure of damages if you will."

The serious fault in this instruction is that it is based on a false premise; the plaintiff had not leased his property. The proposed lease was within the Statute of Frauds; hence, the parol agreement to lease could give it no force, and to predicate anything whatever of that intended lease was error. Either party had the right to refuse its execution, and the defendants were guilty of no fraud in availing themselves of such right. Neither party could plead ignorance of the statute, and hence both are presumed to have known that either might take advantage of its terms, and that the defendants did avail themselves of that privilege cannot be regarded as a fraud on the plaintiff: Harris *v.* Harris, 20 P. F. Smith 170. What these parties had was but an agreement *to lease*, and, although for the breach of such an agreement, according to Weaver *v.* Wood, 9 Barr 220, an action will lie, yet, necessarily, the damages recoverable are such only as result directly from such breach. What, then, is the true measure of damages in this case? Not the amount of the proposed rent, for that, by the statute, the plaintiff is not entitled to, neither can it be used for such measure, for the lease itself, being for a greater term than three years, is void, and so cannot be used for any purpose whatever. He could not recover for the loss of his bargain, for, on authority, this is not allowable: Dumars *v.* Miller, 10 Casey 319. It does not appear that in consequence of the agreement with the defendants Steinmetz was prevented from leasing to some other party, for at that time he had no other offer, and so it would seem that unless he was induced by his contract with the defendants to so alter the premises as to unfit them for ordinary purposes, or to put work upon them which was unnecessary for their improvement or repair, he has suffered no injury from the breach complained of, and his damages are but nominal.

If the rule submitted by the court to the jury is to obtain, then may a contract, void by the statute, be specifically enforced. Says

[Sausser v. Steinmetz.]

the learned judge, you may measure the damages by the amount of the proposed rent; the premises, notwithstanding the efforts of the landlord to get a tenant, have remained unoccupied for one year, so you may assess damages at one year's rent, but, of course, the same rule must apply had the premises, under like conditions, remained unoccupied for the whole term of five years. But this was all there was of the parol contract; when the rent is paid, the contract is fulfilled on part of the lessees, and therefore there is a specific execution of it. By the same rule you might enforce a parol contract for the sale of land, and so annul the Statute of Frauds and Perjuries all together; a result not allowable either in reason or on authority: McClowry v. Croghan's Adm'r, 7 Casey 22; Wilson v. Clarke, 1 W. & S. 554.

It follows, that as the case stood in the court below, the defendant's first point should have been affirmed, since the plaintiff, having proved no actual damage resulting from the breach of the contract to lease, was entitled only to a judgment for nominal damages.

The disposition of the eighth specification renders comment on the remaining exceptions unnecessary.

Judgment reversed, and a new *venire* ordered.