# Bartram v. Hering, Appellant.

*Landlord and tenant—Failure of lessor to deliver possession—Damages.*

When one who has executed a valid lease is, through no fault of his own unable to carry out his contract, the lessee cannot recover the value of his bargain, and the measure of damages is limited to the consideration paid and the expenses incurred. In such cases the measure of damages is dependent upon whether the lessor acts with good or bad faith.

When a vendor or lessor, under an agreement executed in accordance with the requirements of the law, arbitrarily and without reasonable excuse, in order to escape the effects of a bad bargain refuses to comply with his contract, the vendee or lessee is entitled not only to compensatory damages, but to damages arising from the loss of the bargain, or the money which he would have derived from the completion of the contract.

Argued Oct. 15, 1901. Appeal, No. 62, Oct. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1900, No. 1167, on verdict for plaintiff in case of J. Alfred Bartram v. William H. Hering. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for breach of contract. Before BIDDLE, P. J.

At the trial it appeared that on July 27, 1900, defendant leased a cottage at Atlantic City to the plaintiff for the months of August and September for a rental of $200. The evidence for the plaintiff tended to show that the defendant had arbitrarily refused to give him possession of the cottage.

When the plaintiff was on the stand he was asked this question:

"Q. You say Mr. Hering asked you $500 for this property at first? A. Yes, sir. Q. Was that a fair rental for the property at the time?"

Objected to.

Judge Biddle : You want to prove the loss of your bargain, Mr. White ?

Mr. White : Yes, sir ; we rented it for $200, and it was worth $500.

Objected to.  Objection overruled.  Exception for defendant.  [1]

" Q. Was that the fair market value for the rental of this property for the months of August and September ?  A.  Well, I could not find anything else."

Objected to.

" Q. Answer the question.  A. I think $500 would have been a fair value for it."

The court charged in part as follows :

[And, in addition, he (the plaintiff) claims that he had secured this cottage at what he thought very much below the market price, that he got it for $200, and that the market price for such a property anywhere .that he could find was $500, so that by the actual refusal of the defendant to carry out his contract, he was obliged to seek a more expensive place for his family and obliged to pay very much more than he would, if he had got it at this reasonable rate.] [2]

Verdict and judgment for plaintiff for $403.96.  Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions. (2) Above instructions, quoting them.

*Emil Rosenberger*, for appellant.—Plaintiff was only entitled to compensation : Smart v. Allegaert, 14 Phila. 179 ; McClowry v. Croghan, 1 Grant's Cases, 307 ; Ballas v. Wolff, 11 Pa. Superior Ct. 150 ; Eberz v. Heisler, 12 Pa. Superior Ct. 388 ; Lanigan v. Kille, 97 Pa. 120 ; Rineer v. Collins, 156 Pa. 342.

The plaintiff was not entitled to recover for the loss of his bargain because there was no claim for such loss in his statement : Hawes v. O'Reilly, 126 Pa. 440 ; Rogers v. Bemus, 69 Pa. 432 ; Duffield v. Rosenzweig, 144 Pa. 520.

*John J. White*, for appellee, cited : Bitner v. Brough, 11 Pa. 139 ; 1 Sutherland on Damages, 418 ; Agnew v. Johnson, 22

Pa. 471; Hart v. Evans, 8 Pa. 13; Laing v. Colder, 8 Pa. 481; Penna., etc., R. R. Co. v. Bunnell, 81 Pa. 426; Cummins v. German American Ins. Co., 192 Pa. 359; Riddle v. Del. County 156 Pa. 643.

OPINION BY W. D. PORTER, J., November 11, 1901:

The defendant failed to deliver possession of a house in Atlantic City, which by an agreement in writing he had leased to the plaintiff for the term of two months. The plaintiff was permitted to recover damages for the loss of his bargain, in other words, the learned judge of the court below held the value of the contract to be the measure of damages for its breach. The defendant in this case was not within the protection of the statute of frauds, the contract was not one which by an express provision of the law he was excused from performing, and the decisions which determine the measure of damages in cases of that character have here no application. When one who has executed a valid lease is through no fault of his own unable to carry out his contract, the lessee cannot recover the value of his bargain, and the measure of damages is limited to the consideration paid and the expenses incurred: McClowry v. Croghan's Administrator, 31 Pa. 22. In such cases the measure of damages is dependent upon whether the lessor acts with good or bad faith. When a vendor or lessor, under an agreement executed in accordance with the requirements of the law, arbitrarily and without reasonable excuse, in order to escape the effects of a bad bargain, refuses to comply with his contract, the vendee or lessee is entitled not only to compensatory damages, but to damages arising from the loss of the bargain, or the money which he would have derived from the completion of the contract: Bitner v. Brough, 11 Pa. 127. In the present case the plaintiff presented evidence which if believed justified a finding that the defendant had without any excuse refused to comply with his written agreement. The defendant, on the other hand, testified that he had been ready to deliver possession of the leased premises in accordance with the terms of the contract, but that the plaintiff had voluntarily declined to take possession. There was no suggestion that there had been a failure on the part of the defendant to deliver possession because of something which he was unable to control. It is con-

ceded by the appellant that the question of fact was properly submitted to the jury, and that the verdict establishes that the defendant had refused to deliver possession. This was a case of absolute refusal by a lessor to deliver possession in accordance with the terms of his legally executed contract, when he was able to have performed his covenants, and his default was his own voluntary act. He who thus without excuse refuses to perform his covenant cannot be said to act with good faith, and his disappointed lessee is entitled to recover damages for the loss of his bargain. The assignments of error relate to the charge of the court upon this measure of damages, or to the admission of evidence in accordance with said ruling, and they must all be dismissed.

The judgment is affirmed.