## Glasse *v.* Stewart, Appellant.

*Vendor and vendee—Contract—Breach—Measure of damages.*

If a vendor of land makes default without fraud the vendee is only entitled to recover the price paid, together with the expenses incurred on faith of the contract. This rule applies both to written and parol contracts.

Where a plaintiff seeks to recover a larger measure of damages for a breach of an agreement to sell land, it is necessary that he make it appear from the evidence that the defendant practiced fraud, artifice or collusion; and this must have inhered in the original agreement. Until some evidence is introduced tending to show fraud on the part of the defendant, he is not called upon to give any reasons for his conduct. The mere refusal to convey is not evidence of fraud.

Where on an appeal from a judgment in favor of the plaintiff in an action for a breach of a contract for the sale of land, it appears that there was no evidence of fraud on the part of the vendor, and it also appears that there was no dispute in regard to the hand money paid, and there is no evidence as to other expenses incurred, the appellate court will not reverse the judgment, but will amend and reduce it so as to make the amount of the judgment the amount of the hand money, and so amended will affirm the judgment.

Argued Oct. 9, 1906. Appeal, No. 96, Oct. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1905, No. 4,120, on verdict for plaintiff in case of Josephine Glasse v. Hugh Stewart. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Modified and affirmed.

Assumpsit for breach of contract for the sale of land. Before WILLSON, P. J.

Defendant presented the following points:

1. If you believe the plaintiff has a right to recover, then she is limited in damages under the pleadings in this case to the $20.00 paid at the signing of the agreement for sale, with interest from the date, viz.: April 20, 1905. *Answer:* I decline that point. [5]

2. The value of the bargain, or in other words what profit the plaintiff might have made had the contract been consum-

mated, is not the measure of damages. *Answer :* I decline that point. [6]

3. You should not consider any profits the plaintiff might have made had the contract been consummated. *Answer :* I answer that in this way, that you have no right to consider in estimating damages the profits which the plaintiff might have made in the transaction, as profit. The only thing you could consider would be what advantage the plaintiff might have derived if the bargain had been carried out, by reason of the property being worth more in the market than the price which she agreed to pay. [7]

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Errors assigned* were (5–7) above instructions, quoting them.

*Morton Z. Paul,* with him *Crawford & Loughlin,* for appellant.—The measure of damages in this state on a broken covenant for title, where there has been no fraud, is the proportion of purchase money lost by failure of title, with interest thereon from the date of the deed : Doyle v. Brundred, 189 Pa. 113 ; Stephens v. Barnes, 30 Pa. Superior Ct. 127.

The plaintiff's statement in the case at bar has not one word in it alleging fraud, nor was fraud proved on the trial. It follows, therefore, under the authorities in this case, the court erred in all his answers to the defendant's points : Burk v. Serrill, 80 Pa. 413.

On default by the vendor without fraud the vendee may recover for expenses necessarily or properly incurred on the faith of the contract, with the consideration paid : Eberz v. Heisler, 12 Pa. Superior Ct. 388 ; Haverstick v. Erie Gas Co., 29 Pa. 254.

*Ernest Lowengrund,* with him *J. H. Shoemaker,* for appellee, cited : McClowry v. Croghan, 31 Pa. 22 ; Bartram v. Hering, 18 Pa. Superior Ct. 395 ; Fitzpatrick v. Engard, 175 Pa. 393 ; Erwin v. Myers, 46 Pa. 96.

OPINION BY HENDERSON, J., February 25, 1907 :

The plaintiff's action is for damages for breach of a written

contract to convey real estate. The defendant gave to the plaintiff the following memorandum :

" Phila., April 20, 1905. Received of Mrs. Josephine Glasse $20.00 as a deposit in payment of house No. 704 S. 19th Street, price of house to be $2,400, clear of any encumbrance, insurance included, settlement to be made within two weeks.

" Hugh Stewart."

It is admitted that the defendant declined to convey the property on request and the material question raised by the assignments of error is, what is the measure of damages ? The rule is well established that if the vendor make default without fraud the vendee is only entitled to recover the price paid, together with the expenses incurred on the faith of the contract : Dumars v. Miller, 34 Pa. 319 ; McNair v. Compton, 35 Pa. 23 ; Rineer v. Collins, 156 Pa. 342 ; Doyle v. Brundred, 189 Pa. 113 ; Eberz v. Heisler, 12 Pa. Superior Ct. 388 ; Stephens v. Barnes, 30 Pa. Superior Ct. 127. This rule applies both to written and parol contracts : Bowser v. Cessna, 62 Pa. 148 ; Dumars v. Miller, 34 Pa. 319. The application of the rule to the two classes of contracts rests upon different principles but with equal conclusiveness. Where a plaintiff seeks to recover a larger measure of damages it is necessary that he make it appear from the evidence that the defendant practiced fraud, artifice or collusion. And this must have inhered in the original agreement : McNair v. Compton, 35 Pa. 23 ; Rineer v. Collins, 156 Pa. 342. Fraud is not presumed. It must be established by sufficient evidence. The burden of proof is, therefore, on the plaintiff to show the fraudulent conduct which entitles him to the value of his bargain. We do not find in the evidence brought up with the record anything from which an inference of fraud could be legitimately drawn. The defendant's explanation of his refusal to deliver a deed was that there was a mistake in regard to the property to be conveyed ; that the property had been derived from his father and was subject to a ground rent ; that he understood the subject of the contract was the house and that upon learning that the plaintiff claimed to have bought the whole property he promptly notified her of the misunderstanding ; notwithstanding which the plaintiff

insisted upon a conveyance of the lot with the house. This may not have affected the extent or validity of the agreement, but it is some indication of good faith. We are not considering the question whether the contract is invalid because of a mistake, but what is the true measure of damages considering the contract to be in force. And from this point of view the defendant's explanation is pertinent. We do not mean to say that an explanation was necessary, for the mere refusal of the defendant to convey is not evidence of fraud: Rineer v. Collins, 156 Pa. 342. Until, therefore, some evidence was introduced tending to show fraud on the part of the defendant he was not called upon to give any reasons for his conduct. There is no other fact from which fraud might be inferred. The suggestion in the appellant's argument that the defendant had learned that a higher price could be obtained for the property is not supported by any evidence. It follows that the fifth, sixth and seventh assignments of error should be sustained. The plaintiff did not take possession of the property, nor does it appear from the evidence that she expended any money on account of it, except the hand money paid at the time the contract was delivered. She was, therefore only entitled to recover $20.00, with interest thereon from April 20, 1905. In view of the conclusion reached it is unnecessary to consider the other assignments of error.

As there is no dispute in regard to the amount of money paid it is unnecessary to reverse the judgment. Under the authority vested in this court by the 9th section of the act of June 24, 1905, the judgment is so amended that it shall be a judgment in favor of the plaintiff for $20.00, with interest from April 20, 1905; and as thus amended the judgment is affirmed.