# Daley v. Reed, Appellant.

*Mines and mining—Coal lease—Option—Contract—Damages.*

The owners of coal land executed a writing by which they gave to other persons "the option to lease on or before April 1, 1912, all of the coal underlying the land" at a certain rate per ton royalty. The lease further provided that "the parties of the second part agree to bore and thoroughly test the said property within six months from the date hereof, and within one year erect a breaker." The tests were made by the parties of the second part and they

508       DALEY v. REED, Appellant.

demanded a lease from the owners before the expiration of the year, and within a time sufficient to build the breaker. The lease was refused without any proper reason, and the owners subsequently leased the coal to another person for a larger royalty. *Held,* that an action would lie against the owners for a breach of the contract, and that they were liable in compensatory damages to the party injured.

Argued March 6, 1916. Appeal, No. 28, March T., 1916, by defendants, from judgment of C. P. Luzerne Co., Feb. T., 1913, No. 18, on verdict for plaintiff in case of John Daley, et al., v. William Reed, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for breach of an option to lease coal. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were various instructions.

*E. A. Brennan,* with him *M. J. Mulhall,* for appellants. —In the absence of fraud, when a contract contains concurrent conditions, and mutual and dependent covenants, performance by one party or readiness to perform, must be shown before he can charge the other with a breach, and without a breach, there can be no ground for rescission of the contract: Wilson v. Bicknell, 170 Mass. 259; Bank of Columbia v. Hagner, 1 Peters (26 U. S.) 455; Tiernan v. Rolland, 15 Pa. 429; Eberz v. Heisler, 12 Pa. Superior Ct. 388; Slater v. Emerson, 19 How. (60 U. S.) 224.

In an action for damages for breach of a written contract to convey real estate, in the absence of fraud, the measure of damages is the price paid together with the expense incurred on the faith of the bargain: Hosack v.

507, (1916).] Arguments—Opinion of the Court.

Crill, 18 Pa. Superior Ct. 90; Dorr v. Reynolds, 26 Pa. Superior Ct. 139; Hertzog v. Hertzog, 34 Pa. 418; Harris v. Harris, 70 Pa. 170; Dumars v. Miller, 34 Pa. 319; Glasse v. Stewart, 32 Pa. Superior Ct. 385; Haney v. Hatfield, 241 Pa. 413.

*E. J. Mullen,* with him *John McGahren,* for appellees, cited: Barnes v. Rea, 219 Pa. 279; Hocking v. Hamilton, 158 Pa. 107; Hampton v. Speckenagle, 9 S. & R. 211; Keck v. Bieber, 148 Pa. 645; Bitner v. Brough, 11 Pa. 127; Maeson v. Kaine, 67 Pa. 126; Bartram v. Hering, 18 Pa. Superior Ct. 395.

OPINION BY TREXLER, J., July 18, 1916:

The plaintiffs were given "the option to lease on or before April 1, 1912, all the coal underlying the land of the defendants containing eighty-four acres" at twenty-three cents per ton royalty. The last clause of the written agreement furnishes the subject of the contention between the parties. It reads as follows: "In consideration of all the foregoing the parties of the second part agree to bore and thoroughly test the said property within six months from the date hereof, and within one year erect a breaker or building for the preparation of coal for market, and, if said lessees take advantage of this option, they agree to pay a minimum rental or royalty of not less than five hundred ($500.00) dollars a year in monthly installments of $41.66, payable on the first day of each month."

The plaintiffs made the test required by the contract, but defendants refused to execute the lease and plaintiffs brought suit for damages for the breach of contract. That matter was submitted to the jury by the court and was decided in plaintiffs' favor.

The only other matter which it is claimed prevents recovery is that the plaintiffs did not erect the breaker referred to in the agreement. They demanded a lease from the defendant before the expiration of the year.

This was within the terms of the agreement. They had the right to exercise the option on or before April 1, 1912. The defendants refused to give them the lease. At the trial several reasons were assigned for this action but there was enough in the evidence to show that the real reason was that the defendants were dissatisfied with their bargain and desired more royalty. Subsequently, they leased the property to another party at an advance of ten cents per ton. At the time they declined to execute the lease, there was sufficient time within the year to erect the breaker, and the court below correctly held as there was an absolute refusal by the defendants to fulfil the bargain, if the jury found such refusal was arbitrary and not founded upon any legitimate reason, the plaintiffs were released from the obligation to erect a breaker to handle coal which they, by the act of the defendants, were not permitted to mine. The jury found for the plaintiffs upon the merits. We find nothing in the case in this regard, that calls for our interference.

The only remaining question that is raised is that of damages. The defendants had in the opinion of the jury as shown by their verdict, no legal reason for refusing to carry out their contract. Having arbitrarily and without reasonable excuse refused to comply with their bargain, the plaintiffs are entitled to compensatory damages for the loss of their bargain: Bartram v. Hering, 18 Pa. Superior Ct. 395. There was sufficient in the case to show that the defendants acted in bad faith. The question of bad faith was not elaborated on by the court in his charge, but neither side asked for fuller instructions. It was referred to in the third point submitted by the defendants and the point was affirmed. We may presume that the point embraced all that was desired by the defendants in this respect.

Assignments of error are overruled. Judgment affirmed.