## Winokur, Appellant, *v.* Blitzstein.

*Banks and banking—Foreign exchange—Verdict not in accord with evidence—Judgment non obstante veredicto—Power to enter judgment for part of verdict—Act of April 22, 1905, P. L. 286.*

In an action against a firm of bankers to recover amounts paid for rubles to be transmitted to a sendee in Russia, it appeared, according to the undisputed evidence that the amount recoverable with interest, could not exceed $5.20. Plaintiff secured a verdict for a larger sum. Upon a motion by defendant for judgment non obstante veredicto, the court directed judgment to be entered in favor of the defendant for that amount of the verdict exceeding $5.20, and also directed judgment to be entered upon the verdict in favor of the plaintiff and against the defendant in the sum of $5.20.

Under the provisions of the Act of April 22, 1905, P. L. 286 the court had authority, if it did not grant a new trial, to enter such judgment as should have been entered on the evidence. The statute clearly authorizes that, if on the whole record binding instructions to the jury to find for the plaintiff in the sum of $5.20 should have been given, a judgment for that sum may be entered after verdict for a larger sum.

Argued November 13, 1925. Appeal No. 280, October T., 1925, by plaintiff from judgment of C. P. No. 5, Philadelphia County, June T., 1922, No. 4766, upon verdict for plaintiff non obstante veredicto, in the case of David Winokur v. Anna Blitzstein, Samuel H. Blitzstein, and Constantine B. Voynow, copartners trading as M. L. Blitzstein & Co. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for money had and received. Before HENRY, P. J. 52nd Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $500. Subsequently the Court on motion, entered judgment in favor of the defendants for the amount of the verdict exceeding $5.20 and in favor of the plaintiff and against the defendants in the sum of $5.20.

*Error assigned* was the Order of Court.

*Jacob Weinstein,* and with him, *Samuel Moyerman,* for appellant.

*Samuel J. Gottesfeld,* for appellee.

OPINION BY LINN, J., December 17, 1925:

Appellant contends that the order made on defendant's motion for judgment n. o. v. is not authorized by the statute. The suit was against a firm of bankers to recover the amounts paid here for rubles to be transmitted in October, 1917, to a sendee in Russia. The contract provided that "in view of the existing political conditions" there, the undertaking was subject to delay and "that refund for unaffected payments will be made at the rate of exchange [at] which we are able to dispose of rubles here." The sendee did not receive the rubles.

We understand that defendants showed that the amounts were duly transmitted in the regular course of business. The court held that defendants were plaintiff's agent, and, if they transmitted the credits in the usual way, were not liable for any sum in excess of that stipulated in the agreement, i. e., the refund at the rate of exchange prevailing when they should have

been paid in Russia, which happened to be during one of the revolutionary upheavals. The only evidence of that rate was offered by defendants and according to that evidence the amount with interest could not exceed $5.20.

Plaintiff had a verdict for the amount of his claim. Defendants having presented a point for binding instructions, which was refused, then moved for judgment for defendants n. o. v., and also filed a motion that "the verdict of the jury be reduced to $3.60 with interest of $1.60, or $5.20, so as to conform with the instructions of the trial judge to the jury." Following an opinion expressing the action of the court on those motions, the following order was made: "And Now, to wit: June 19, A. D. 1925, judgment non obstante veredicto is hereby directed to be entered in favor of the defendants for that amount of the verdict exceeding $5.20. An exception to this action of the court is hereby noted in favor of the plaintiff. Judgment is directed to be entered upon the verdict in favor of the plaintiff and against the defendants in the sum of $5.20". Appellant says that by that order the court entered two judgments and that we must therefore award a new trial. The statement of questions involved puts the point in various ways and we limit our review to that single point: Rule 50.

We have, then, a record on which it is conceded by appellant that the undisputed evidence limits plaintiff's recovery to $5.20, yet we are asked to say that for inapt phraseology in the order disposing of the motion for judgment n. o. v., a new trial must follow. There is no merit in the contention. The Act of April 22, 1905, P. L. 286, under which the motion was disposed of, provides: ".......it shall be the duty of the court, if it does not grant a new trial,......to enter such judgment as should have been entered upon that evidence......" The statute clearly authorizes that

if on the whole record binding instructions to the jury to find for the plaintiff in the sum of $5.20 should have been given, a judgment for that sum may be entered, after verdict for a larger sum, on defendant's motion for judgment in their favor notwithstanding the verdict for plaintiff. It will be observed that defendants, against whom the judgment is entered, do not complain; and as there is no dispute of fact to be passed on by the jury—so the case is presented to us—plaintiff cannot complain if the judgment gives him the maximum that the evidence would justify a jury in awarding. As the court had authority to enter judgment for plaintiff for the amount specified, anything else in the order will be considered surplusage. In a supplemental brief filed by appellant in reply to the brief of appellee, it is suggested that as the rate of exchange for the "refund of unaffected payments was shown by oral evidence, it was for the jury to say whether plaintiff should recover $5.20." Only part of the evidence is printed, but it is stated that the only evidence on the subject was offered by defendants; that plaintiff offered none, though this was the second trial of the case; that $5.20 is the maximum which the evidence would permit the jury to find; if defendants had not offered that evidence, plaintiff having offered no evidence on the subject, could at most have claimed only nominal damages; as plaintiff has judgment for the highest amount which the record permits when taken in its aspect most favorable to him, we shall not disturb it. Hall v. Penna. R. R. Co., 257 Pa. 54; Moldawer v. Trust Co., 59 Pa. Superior Ct., 155, 161; Glasse v. Stewart, 32 Pa. Superior Ct. 385, 388; Osterling v. Allegheny County, 272 Pa. 458.

Judgment affirmed.