## Seidlek v. Bradley, Appellant.

*Vendor and vendee — Sale of real estate — Contract — Fraud— Bad faith—Damages—Statute of Frauds.*

1. The damages recoverable for breach of a parol contract is the amount of purchase money paid, with interest and expenses; if no part of the purchase money has been paid, then the expenses incurred by the vendee in endeavoring to procure a title, or at least nominal damages.

2. Where there has been fraud on the part of the vendor in the original contract, the damage for breach of parol contract is enlarged, but failure or refusal to convey is not such fraud.

3. In all actions for recovery under parol contracts, where fraud is averred, it must be actual fraud that reaches back to the original contract.

4. Damages for breach of a written contract through failure to convey depends largely on the cause of the breach.

5. Where a vendor, without fraud on his part, is incompetent to make out a title, the vendee is not entitled to damages for the loss of his bargain, but may recover the money paid, with interest and expenses.

6. Where the vendor is guilty of collusion, tort, artifice, fraud or does acts not in good faith, to escape from a bad bargain, the vendee is entitled not only to a return of money paid and expenses, but damages arising from the loss of his bargain. This is the bad faith rule.

Argued April 10, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 95, Jan. T., 1928, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1923, No. 283, on verdict for plaintiff, in case of Frances Seidlek v. John F. Bradley. Affirmed.

Assumpsit for breach of contract. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,270. Defendant appealed.

*Errors assigned* were various instructions, quoting record.

Arthur L. Shay, with him C. A. Snyder, for appellant. —As against a fraudulent vendor, damages may be given to compensate "for all the expenses in which his fraud has involved the plaintiff; the question of fraud is to be determined by what took place at the inception of the contract": Rineer v. Collins, 156 Pa. 342; Stephens v. Barnes, 30 Pa. Superior Ct. 127; Glasse v. Stewart, 32 Pa. Superior Ct. 385; Haney v. Hatfield, 241 Pa. 413.

The charge of the court as a whole and throughout was inadequate and in our judgment did not give a correct exposition of the law applicable to such a case: Panagos v. Plack, 277 Pa. 431.

Fraud is never presumed but must be established by clear and satisfactory evidence, either direct or circumstantial, or a combination of both. The witnesses must be credible and the facts distinctly remembered and accurately stated: Pusic v. Salak et al., 261 Pa. 512; Suravitz v. Ins. Co., 261 Pa. 390; Madole v. Miller, 276 Pa. 131; Gardner v. Bitner, 57 Pa. Superior Ct. 106; McAllister v. Morgan, 29 Pa. Superior Ct. 476.

John B. McGurl, with him M. M. Burke, for appellee. —If defendant be guilty of "artifice" or "collusion," plaintiff may recover for the loss of his bargain: Bitner v. Boro., 11 Pa. 127; Merchants, etc., Nat. Bank v. Tinker, 158 Pa. 17; Lowe v. Dalrymple, 117 Pa. 564; Abbey v. Dewey, 25 Pa. 413.

The rule that where a plaintiff seeks to recover a larger measure of damages than the down money, fraud, inherent in the original agreement, must be shown and that a subsequent fraudulent purpose is not sufficient, applies

only to parol agreements for the sale of real estate and does not apply to written contracts such as the one here presented: Harris v. Harris, 70 Pa. 170; Thompson v. Sheplar, 72 Pa. 160; Sausser v. Steinmetz, 88 Pa. 324.

OPINION BY MR. JUSTICE KEPHART, May 14, 1928:

This appeal involves the question of damages recoverable by a vendee where the vendor breaches a written contract for the sale of real estate. The court below was asked to charge the jury that, as plaintiff sought to recover a larger measure of damages than the amount of money paid at the execution of the contract, it was necessary to show that defendant practiced fraud, artifice or collusion at the inception of the original contract, and, as there was no such evidence of fraud connected with the original contract, the only damages recoverable is the hand money paid at the execution of the contract and expenses incurred in the sale. The court below did not charge the jury as requested. Appellant mistakenly applies only a part of the rule for a breach of a written contract. His points were based on cases which seem to lend color to his view of the law.

It was early held in an action by vendee against vendor, for breach of a parol contract for the sale of land, that the measure of damages was the loss of his bargain: Jack v. McKee, 9 Pa. 235. This case was overruled, and it is now established that the damages recoverable for breach of a parol contract is the amount of purchase money paid, with interest and expenses; if no part of the purchase money has been paid, then the expenses incurred by the vendee in endeavoring to procure a title, or at least nominal damages: Dumars v. Miller, 34 Pa. 319; Hertzog v. Hertzog, 34 Pa. 418. The same rule was applied to parol leases. The reason for the rule is that the contract is within the Statute of Frauds; either party may refuse to execute it, and, in availing themselves of that right, neither would be guilty of fraud or wrongdoing. If a rule permitted recovery beyond the

hand money paid and expenses, it would in effect be specifically enforcing the contract. By so doing, the rule would annul the Statute of Frauds altogether: Sausser v. Steinmetz, 88 Pa. 324; Rineer v. Collins, 156 Pa. 342; see also M'Clowry v. Croghan, 31 Pa. 22. Where there has been fraud on the part of the vendor in the original contract (Harris v. Harris, 70 Pa. 170), the damage for breach of parol contract is enlarged, but failure or refusal to convey is not such fraud. In the case last cited, "bad faith and collusion" after the agreement were urged as elements to obtain a larger measure in a breach of a parol contract; but we held that to include them would operate as a virtual repeal of the Staute of Frauds. They were disallowed.

In all actions for recovery under parol contracts, where fraud is averred, it must be actual fraud that reaches back to the original contract. Rineer v. Collins, supra, presents an able review of the applicable law. See also Thompson v. Sheplar, 72 Pa. 160; McCafferty v. Griswold, 99 Pa. 270; Allison v. Montgomery, 107 Pa. 455. If it were not for the mistaken application of the principles just discussed to written contracts in some of our cases, the foregoing discussion of what seems to be well settled principles would be unnecessary.

The rule as to damages for breach of a written contract through failure to convey depends largely on the cause of the breach: Bitner v. Brough, 11 Pa. 127. The rule there stated was, that where a vendor, without fraud on his part, is incompetent to make out a title, the vendee is not entitled to damages for the loss of his bargain, but may recover the money paid, with interest and expenses, although the completion of the bargain might have proved profitable to him; but where the vendor is guilty of collusion, tort, artifice, fraud or does acts not in good faith to escape from a bad bargain, the vendee is entitled not only to a return of money paid and expenses, but damages arising from the loss of his bargain or the money he might have derived from its completion. This

is the bad faith rule. We will not review the many cases following, but refer to Daley v. Reed, 63 Pa. Superior Ct. 507, 510; Bartram v. Hering, 18 Pa. Superior Ct. 395; Stephens v. Barnes, 30 Pa. Superior Ct. 127; Richter v. Goldberg, 78 Pa. Superior Ct. 309, 312; Panagos v. Plack, 277 Pa. 431, 435.

The confusion in our cases comes from applying to written contracts the rule for damages applicable to parol contracts when there is no fraud. These cases have not observed the distinction between written and parol contracts where bad faith, collusion or artifice appears. Thus, in Haney v. Hatfield, 241 Pa. 413, a written contract for the sale of land, we stated the case was controlled by Dumar v. Miller, supra, a parol contract case. While the opinion laid stress on fraud not being shown in making the contract, it overlooked that fraud was only necessary to take a parol contract out of the statute of frauds. Any unjustified failure to perform a written contract, whether this failure be fraudulent or not, entitles the vendee to damages for the loss of his bargain. Orr v. Greiner, 254 Pa. 308, another written contract case of defect in title, followed the Haney Case. Stress was laid on Glasse v. Stewart, 32 Pa. Superior Ct. 385. This latter case is not in accord with our decisions. It is erroneously stated that a plaintiff in a written contract seeking to recover a larger measure of damages than hand money and expenses must show the defendant practiced fraud, artifice or collusion, and that it inhered in the original agreement. This is the rule as to parol contracts, but not as to written contracts.

The general rule may be stated, a vendee in a contract for the sale of land may recover as damages the loss of his bargain if his contract is in writing, and the vendor in bad faith refuses to convey, or if the contract is in parol and it was obtained by fraud. In all other cases of contracts for sale of land, whether written or parol, vendees are limited to the money paid with interest and expenses.

The general principles underlying the question of damages a vendee may recover are elaborately discussed in 48 A. L. R. 12. The courts of the different states are not in harmony as to all elements on which recovery may be based, and some cases do not consider the effect of the Statute of Frauds as to breaches of parol contracts. The majority rule has been thus stated: where the vendor, without fraud on his part, is unable to convey a good title and the defect was unknown to him at the time the contract was made, the purchaser is not entitled to damages for the loss of his bargain, but can recover only the purchase money paid, with interest and expenses incurred, and nominal damages for not conveying; but if no part of the purchase money has been paid and no expenses incurred, nominal damages only can be had. This covers our general rule as to written contracts. The rule as to parol contracts differs in some particulars. The second rule there stated is that, where the vendor acts in bad faith in refusing to convey, or where he is chargeable with fraud, or wilfully refuses or disables himself from conveying, the purchaser's recovery is not limited to the purchase money paid, with interest and expenses, but he is entitled to compensation for his actual loss, or, as it is sometimes expressed, damages for the loss of his bargain. This states substantially the second part of our rule as to written contracts, but has no application to parol contracts except where fraud inheres in the original agreement. See Williston on Contracts, p. 2466, section 1399.

The court below in its general charge covered substantially the rule as it prevails in Pennsylvania. While other portions of the charge as to what might be fraud at the inception of the contract are assigned as error, the court did not state that his observation as to what was good faith was a duty imposed on defendant. The instruction did no harm, though the language might well have been omitted.

From the facts before us, the jury could have found that appellant, believing he could purchase for fifteen thousand dollars certain premises in Shenandoah, then owned by the Philadelphia & Reading Coal & Iron Company, entered into a written contract dated February 19, 1923, to sell the premises to appellee for twenty thousand dollars; and appellee paid one thousand dollars on account of the purchase price. On February 24th, appellant learned the company's price was twenty thousand dollars; he then tendered appellee a check in return for the down money paid, at the same time telling her he could not get title to the premises. She refused to accept the check. On March 15, 1923, Bradley paid the company for the property and directed the preparation of the deed be delayed until he furnish the name of the grantee. Between March 15th and March 28, 1923, he offered to sell the property to one Boylan for twenty-three thousand dollars, and about March 28th or 29th, 1923, sold it to Boylan for twenty-six thousand dollars. He then directed the company to make the deed to John W. Curtin. Before this was done, he had an agreement with Curtin to resell the property and divide the profits with him, Bradley. Curtin did divide the profits, Bradley receiving one-half. Appellant refused to carry out his agreement to convey to appellee because he could not sell to her at a profit. From this evidence the jury could find bad faith.

No other question being submitted than here discussed, the judgment is affirmed.