Kargiatly, Appellant, *v.* Provident Trust Company
of Philadelphia et al.

Argued January 26, 1940. Before SCHAFFER, C. J.,
DREW, LINN, STERN and BARNES, JJ.

*A. E. Hurshman,* with him *Everett Kent,* for appellant.

*J. B. Colahan,* with him *Townsend, Elliott & Munson,*
for appellee.

OPINION BY MR. JUSTICE LINN, March 25, 1940:

This appeal is from judgment for the defendant on a
directed verdict. The Provident Trust Company of

Philadelphia, as testamentary trustee, made a written agreement with the plaintiff for the sale to plaintiff of certain land, part of the trust property, for $8,000. Shortly afterward the trust company received an offer of $9,000 from another purchaser, accepted the offer and conveyed the property. The plaintiff was notified of the fact, demanded and received the return of the down-money and the two checks left with the trustee the proceeds of which were intended to be used to pay for the property.[1]

In a vendee's action against his vendor for breach of written contract to convey land, the vendee's right of recovery, if the vendor acted in good faith, is limited to the down-money, or the value of other property delivered, and the necessary expenses incurred by him and required in such transactions; if bad faith on the part of the vendor is shown, the vendee may also recover for the loss of his bargain. *Seidlek v. Bradley*, 293 Pa. 379, 142 A. 914; *Altman v. Arata*, 129 Pa. Superior Ct. 229, 195 A. 454.

There is no evidence of bad faith. Miss Bush, a witness called on behalf of the plaintiff, testified that when the money was deposited by the vendee she "asked for a receipt. Mr. Bullock [representing the trustee] said he couldn't give me one. I asked him why. He said because if between now and the delivery of the deed we receive a higher[2] offer, we are bound to accept it. So we didn't know what to do about it, so I called Mr. Edwards in Stroudsburg. . . . Then Mr. Bullock picked up the checks and to Mr. Edwards he said, 'We cannot give you a receipt. You can take the money back with you and when the deed is executed, we will call you and you can mail it down or you can bring it down.' . . . It is only

---

[1] The total deposit amounted to $9,000 but the evidence completely fails to establish anything from which the jury could find that the excessive deposit amounted to an offer by plaintiff to raise the contract price if a higher bid were received.

[2] See *Clark v. Provident Trust Co.*, 329 Pa. 421, 198 A. 36.

a question now of being able to accept a higher offer between that day which was the 6th day of November and the delivery of the deed, . . ."

The evidence offered on behalf of the plaintiff showed that the trust company acted in good faith by informing plaintiff that the law required it to accept a better offer if one were made.

Judgment affirmed.