## Bradley *v.* McHale, Appellant.

*Contract—Sale and delivery of chattel—Evidence.*

In an action for a breach of contract where it appears that the defendant agreed to sell and deliver a two-story frame store building, and to place the building on a foundation on a lot of ground owned by the plaintiff, evidence is immaterial which tends to show that the borough authorities and a telegraph company refused to permit the defendant to move the building over streets or through wires. Whether there was a subsequent agreement between the parties that the building should be cut in two and moved in parts, is also not material as a defense, there being no pretense of any performance whatever.

*Contract—Breach—Measure of damage—Sale of chattel.*

The measure of damages for the breach of a contract to sell and deliver a two-story frame building and place it upon the land of another, is the amount necessary to put the injured party in the same position as if there had been no breach. He is entitled to recover compensation for everything which was the natural and probable consequence of the breach.

Argued Oct. 31, 1901. Appeal, No. 35, Oct. T., 1901, by defendant, from judgment of C. P. McKean Co., Dec. T., 1898, No. 191, on verdict for plaintiff in case of J. S. Bradley v. P. W. McHale. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Assumpsit for breach of contract.

On May 24, 1898, the plaintiff, J. S. Bradley, entered into a written agreement with P. W. McHale, wherein it was agreed that in consideration of the sum of $1.00 then and there paid to McHale, and the further sum of $450 to be paid to him thereafter, McHale agreed, inter alia, to sell and deliver to Bradley a certain two-story frame building situate on Fraley street, in the borough of Kane, Pa.

It was also agreed that said building was to be moved and delivered from its location by McHale, and at his expense to a

lot owned by the plaintiff on Field street, on or before June 15, 1898. Also that said McHale was to pay to the plaintiff the sum of $5.00 per day for every day after that date until the building was placed upon the foundation to be provided for it, according to the terms of the agreement.

McHale did not comply with the contract, but dismantled the building and used the lumber therefrom in the construction of a building on a lot of his own.

Counsel for the defendant propose to prove that he let the contract to an experienced mover and carpenter of the city of Kane, that an attempt was made to move the building and that the authorities of Kane prevented them and forbade their moving their building on the most direct road to the place where it was to be located, it being a paved street, and that he was threatened with injunction suits if he attempted to move it on that street. That he went before councils and offered to give a bond to cover all damages that might be done in the removal of the building, that this was refused and he was notified by the attorney of the borough that he must not put his building over that street.

That he than attempted to move it by another route; that the building was sawed in two and an attempt made to move it by another route; that it was found impossible to move it by other route, without cutting telegraph wires and shade trees; that the defendant made an effort to get permission to cut those wires and was threatened with arrest if he did it.

That by reason of those difficulties the building was not put upon this wall. And by reason of the fact that it was much more rotten than was expected at the time the contract was made, and that it was found impossible to remove the building to the place contracted for.

This for the purpose of showing the good faith of the defendant in attempting to carry out his contract.

Objected to as incompetent and irrelevant for the purpose offered, or for any other purpose.

Objection sustained and the offer as a whole is excluded. Exception. [3]

The court charged in part as follows:

[We say to you as a matter of law, in this case, that Mr.

Bradley was entitled to have the building delivered upon that foundation, and the defendant having refused and neglected to do it and appropriated the building to other uses and put it out of his power to do it, before this action was brought, then he became liable to pay Mr. Bradley the difference between what Bradley owed him upon this building and its true value when placed upon the foundation upon Field street, as he had agreed to do, and the value of the building when placed upon the foundation upon Field street is to be ascertained from the evidence in this case.] [11]

[Now we say to you upon another question that has been attempted to be brought into the case, that any telegraph poles or any dooryard fences, any threats of property owners, against Mr. McHale if he undertook to move this building, is of no consequence. We say that this was a lawful contract, and if he undertook to move a building across property that he didn't own and control, it became his duty to acquire the right to move it across this property, and it is no excuse for him to say that he was threatened with injunctions and lawsuits and there were telegraph poles in the way. He should have taken that into consideration when he made the contract.] [12]

Verdict and judgment for plaintiff for $832.16. Defendant appealed.

*Errors assigned* among others were (3) rulings on evidence, quoting the bill of exceptions. (11, 12) Above instructions, quoting them.

*Eugene Mullin*, of *Mullin & Mullin*, with him *E. L. Ryan*, for appellant, cited on the measure of damages: Kountz v. Kirkpatrick, 72 Pa. 376.

*J. W. Bouton*, of *Bouton & Gallup* and *J. E. Mullin*, of *Anderson & Mullin*, for appellee, cited on the measure of damages: Kountz v. Kirkpatrick, 72 Pa. 386; Marshall v. Campbell, 1 Yeates, 36; Meason v. Philips, 1 Addison, 346; Smethhurst v. Woolston, 5 W. & S. 106.

OPINION BY ORLADY, J., February 14, 1902:

The defendant agreed to sell and deliver a two-story frame

store building and to place said building on a foundation on a lot of ground owned by the plaintiff in as good order and condition as it was at the date of the contract, ordinary wear and tear incident to moving excepted. He did not deliver the building, but dismantled it and used the lumber taken therefrom in the construction of a building on a lot of his own. The reasons given for his breach of contract are no answer to the plaintiff's claim for damages. He cannot escape liability because he misjudged his ability to perform his written contract. The building was on leased ground and was personal property over which he had full control.

The offers of evidence to show that the borough authorities and a telegraph company refused to permit him to move the building over streets or through wires were properly rejected as immaterial for the reason given by the learned trial judge, viz : " He should have taken that into consideration when he made the contract."

Whether there was a subsequent agreement between the parties that the building should be cut in two and moved in parts was not material as a defense, as there was no pretense of performance and the whole building was moved elsewhere.

The measure of damages in such a case is the amount necessary to put the injured party in the same position as if there had been no breach. Damages for which compensation may be justly claimed and allowed are such only as naturally and ordinarily flow from the breach complained of, such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, or such as might according to the ordinary course of things be expected to follow its violation : Billmeyer v. Wagner, 91 Pa. 92.

This contract was for the delivery of a particular chattel which could not be duplicated in market, and the plaintiff was entitled to recover compensation for everything which was the natural and probable consequence of the breach, the actual loss sustained : McHose v. Fulmer, 73 Pa. 365 ; Kinports v. Breon, 193 Pa. 312.

For the reason that the case is disposed of as indicated in the foregoing opinion, we do not pass upon the motion to suppress the paper-book of appellant.

The judgment is affirmed.