Opinion by
Henderson, J.,
A large part of the damage claimed by the plaintiff was for injury to his furniture caused by hauling it over a rough turnpike road from the leased premises to his father’s house and for injury to the furniture while in storage at the latter place. Evidence was introduced to show the plaintiff’s loss in this respect, and the admission of this evidence is covered by the first, second and third assignments. The compensation which the plaintiff could lawfully claim under the most favorable circumstances would be that resulting from the injury which naturally and ordinarily followed the breach of the contract set up; or that which was in the contemplation of the parties when the contract was executed; or such as might in the ordinary course of things be expected to follow its violation: Billmeyer v. Wagner, 91 Pa. 92; Bradley v. McHale, 19 Pa. Superior Ct. 300. It would be a wide stretch of imagination to suppose that these parties took into consideration the possibility that the plaintiff would so deficiently pack his furniture or transport it over so rough a road that it would be subjected to the detriment alleged and that a consequent liability would be imposed on the defendant; or that having been removed to the premises of the defendant’s father it would be so stored as to be subjected to additional damage. These are not direct consequences of the breach alleged. Whether the furniture was injured to any extent, when being hauled from the plaintiff’s former residence to the premises leased from the defendant is not very clearly shown, but assuming that all the damage was produced in taking it from the latter place to the home of the plaintiff’s father the case lacks evidence that there was *399 any necessity on the plaintiff to take it where he did or. over the rough road on which he took it or to take it in the condition as to packing in which it was. It nowhere appears that he might not have hired a suitable place for storage in the immediate vicinity or that he made an effort to secure such a place and failed. It is to be observed also that the plaintiff knew some time before the beginning of the term provided for in his lease that the tenant then in possession would not go out, and in loading his goods and hauling them to the place which he wished to occupy and of which he had reason to believe he could not obtain possession he unnecessarily subjected his furniture to the injury described. The case is not presented in any view which, we think, makes admissible the evidence relating to the damage to the furniture. The first, second and third assignments and as much of the fourth as relates to the subject of damage to the furniture must therefore be sustained.
The judgment is reversed with a venire.