# White *v.* Sixteenth & Locust Street Realty Co., Appellant.

*Landlord and tenant—Lease—Recovery of rent paid by lessee— Premises not ready for occupancy—Eviction—Questions of fact.*

In an action of assumpsit to recover money paid as rent, evidence was produced to show that the plaintiff rented an apartment in May for occupancy in October. The lease provided that the plaintiff should have possession the first day of October, and the first month's rent was paid when the lease was signed. The building was not ready for occupancy in October and later in the month, in the absence of the plaintiff certain members of his family went to the apartment house and found furniture and other property had been stored in the plaintiff's apartment by representatives of the defendant. The plaintiff, not knowing that his family had been unable to obtain possession, forwarded a check for the November rent.

Under such circumstances there was sufficient evidence to support a finding in favor of the plaintiff, and judgment against the defendant will be affirmed.

Argued October 12, 1922. Appeal, No. 108, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Nov. T., 1921, No. 420, in favor of plaintiff in case tried by the court without a jury in suit of Raymond A. White v. Sixteenth and Locust Street Realty Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money paid as rent. Before KNOWLES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The trial judge found in favor of the plaintiff in the sum of $437.67 and entered judgment thereon.  Defendant appealed.

*Errors assigned,* inter alia, were the findings and judgment of the court.

*Samuel J. Henderson,* and with him *Benjamin M. Kline,* for appellant.—A party to a contract may waive its provisions for his benefit and may elect not to take advantage of a breach.  If either party elects to consider such a contract unbroken and proceeds under it, the other cannot be considered as having been in default: Shaw v. Lewistown, etc., Co., 2 P. & W. 454; Murphy v. Marshell, 179 Pa. 516; Moore v. Gardiner, 161 Pa. 175.

One cannot be evicted from premises of which he has never had possession either actual or constructive: McClurg v. Price, 59 Pa. 420; Spear v. Allison, 20 Pa. 200; Smucker v. Grinberg, 27 Pa. Superior Ct. 531.

*Raymond A. White, Jr.,* for appellee.—Physical expulsion is not now considered necessary to constitute an eviction: McSorley v. Allen, 36 Pa. Superior Ct. 271.

OPINION BY LINN, J., November 23, 1922:

Plaintiff sued to get back $433.34 paid to the defendant as rent for an apartment for the months of October and November, 1921.  He claimed the money on two grounds: first, that the apartment was not ready for occupancy in October; and, second, that he was evicted in October, alleging that the payment of the November rent was made in ignorance of facts.  The case was tried by the court without a jury, and the court found the facts in accordance with contentions of the plaintiff and accordingly entered judgment.  Defendant appeals and contends that the evidence does not support the facts as found.

The record shows that the lease was signed on May 23, 1921, for apartment No. 4 in an apartment house then in process of construction at 16th and Locust streets, Philadelphia. It provided that plaintiff should have possession on the first day of October, 1921, and for a year thereafter. The first month's rent was paid when the lease was signed. On the 28th of September, the plaintiff left Philadelphia and went to Texas in the course of business, and toward the end of October, not knowing that his family could not take possession of the apartment because it was unfinished, he sent a check for the November rent, payable in advance. There was evidence that plaintiff's son, on plaintiff's behalf, went to the apartment on October 3d and found that neither the apartment house nor the apartment was completed. He described in detail what was lacking. He went there several times during October and testified that it was still incomplete each time, giving details. On the 24th of October, he found the apartment occupied, without plaintiff's consent, by a lot of furniture and other property not belonging to plaintiff. He complained to the persons in charge about it and three days later found the property still in the apartment. He then wrote to the plaintiff, who was traveling on business, of the conditions he found. The evidence was that this letter did not reach the plaintiff, who meanwhile had mailed the check for the November rent. Defendant assumed responsibility for the property stored in the plaintiff's apartment, claiming that the storage was temporary. It called a witness who testified he was unable to say in many particulars that the apartment was not incomplete in the month of October as the plaintiff had testified.

The foregoing reference to the testimony is sufficient to show that there was a real dispute as to whether the apartment house was completed and the apartment ready for occupancy on the first of October, or, for that matter, during the whole month; there was substantial

evidence to support the plaintiff's contention. As the court, which in this case was the trier of the facts, has found the facts from that evidence, we are not permitted to substitute our judgment for that of the learned trial judge.

The same thing is true of the storage of furniture in the apartment found by the court; it was equivalent to eviction: McSorley v. Allen, 36 Pa. Superior Ct. 271, 273.

Judgment affirmed.