## Kent *v.* Kentz and Kentz, Appellants.

*Landlord and tenant—Lease—Unlawful eviction—Measure of damages—Evidence.*

In an action for damages for unlawful eviction of a tenant from a farm, evidence of the size of the farm, its proximity to a market, the condition of the buildings, etc., is admissible to establish the value of the lease.

16, (1923).]     Syllabus—Opinion of the Court.

Where the tenant was in possession of the premises, under a tenancy recognized by the owner of the life estate, and the lease therefor supported the occupancy of the plaintiff, the case is for the jury, and a verdict for the plaintiff will be sustained.

Argued April 16, 1923.  Appeal, No. 81, April T., 1923, by defendants, from judgment of C. P. Westmoreland Co., May T., 1921, No. 656, on verdict for the plaintiff in case of Leo T. Kent v. Anna M. Kentz and James Maurice Kentz.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Trespass to recover damages for unlawful eviction. Before DOM, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,500 for eviction from the farm and $500 for damages to his property.  On defendants' motion for judgment non obstante veredicto the court dismissed the motion for judgment non obstante veredicto, but reduced the verdict to $1,500.  The plaintiff consented to such reduction, and judgment was entered on the verdict.  Defendants appealed.

*Errors assigned* were various rulings on evidence, the decree of the court and refusal of defendants' motions for a new trial and judgment non obstante veredicto.

*Carroll Caruthers,* and with him *S. W. Bierer* and *Kline & Kline,* for appellants.

*James Gregg,* and with him *Curtis H. Gregg* and *John W. McFadyen,* for appellee.

OPINION BY HENDERSON, J., October 5, 1923:

The plaintiff's action was based on the allegation that being the tenant of a farm belonging to the defendant, Anna M. Kentz, under a lease in writing from the latter, he was forcibly and unlawfully ejected from the premises

within the period of his term as a result of which he lost the privilege of occupying and cultivating the farm subject to the conditions of the lease. It is a conceded fact in the case that the plaintiff was a tenant of his father, Thomas C. Kent, under a written agreement for a term of five years, ending April 1, 1919. The lessor died April 5, 1918, having by his last will devised the farm to Anna M. Kentz, one of the defendants, for life. The plaintiff alleged that prior to the death of his father he had a verbal agreement with him for some changes in the lease, and that about a year after his father's death, he went to the defendant, Anna M. Kentz, with a copy of the lease and stated to her what alterations had been agreed upon between him, the plaintiff, and his father; that thereupon the said defendant consented to the alterations and erased on the plaintiff's copy of the lease the parts of the contract which were to be eliminated as agreed upon by the father and the plaintiff, and at the bottom of the amended lease the said Anna M. Kentz added the following words: "What change is made on this article is made by Anna M. Kentz. Leo and family are to remain on the farm as long as I live.—Anna M. Kentz." Early in April, 1921, the defendant, James M. Kentz, came to the farm with several other men by direction of Anna M. Kentz and ejected the plaintiff and his family from the farmhouse and at the same time removed his furniture therefrom. It is admitted that this was done: the justification being that notice had been given to the plaintiff to leave the premises and that he had refused so to do. The alteration alleged to have been made in the lease was denied by Anna M. Kentz, although she admitted the postcript was in her handwriting. The verdict of the jury shows however that the plaintiff's allegation on the subject was believed. This fact being established the plaintiff was in possession with the permission of the defendant, Anna M. Kentz. She received a portion of the crops for the year after her father died, and to that extent recognized the tenancy of the plaintiff.

It is contended by the appellants that the addition to the lease if signed by Anna M. Kentz was invalid because not under seal and because it purported to grant a term during the life of the grantor, and much of the argument of the appellants is devoted to the consideration of the nature of the plaintiff's tenure, assuming the change to have been made as claimed by him. The remainder of the argument is directed to a discussion of the competency of evidence admitted relating to the extent of the plaintiff's damage. We think it unnecessary to consider the question whether a grant of the land during the life of the life tenant required a seal, and if granted for that period whether the instrument was a deed of conveyance as distinguished from a lease. The writing added by the life tenant at the time the lease was changed in some inconsiderable respects was sufficient to create an interest in the land in the plaintiff as tenant, and was in effect an adoption by Anna M. Kentz of the lease theretofore existing between the plaintiff and his father. The evidence was directed to the injury resulting to the plaintiff from the disturbance of that tenure. The farm was a large one, in good condition with suitable buildings, near a large town, and was adequately stocked. The testimony offered was within the limits indicated in Cornelius v. Lytle, 246 Pa. 205. The witness had before him a consideration of the uncertainty of the crops, the expense and labor necessary to the operation of the farm; he had been a tenant thereon for several years and had worked as a farmer for a longer period—he was a competent witness therefore. No evidence was offered in contradiction of that presented by him and we are unable to say that the testimony was not admissible in support of the claim. No one could know better than the plaintiff what the annual value of the farm was to him for he had had the experience of years in carrying it on as a tenant under a lease less favorable to him than was that which the defendant, Anna M. Kentz, undertook to give. The soundness of the conclusion of the witness as to the

amount of his injury was subject to analysis under cross-examination.   The loss of his opportunity was evident; the elements entering into his damage were in the mind of the witness and before him as he presented his evidence.   Testimony in such cases is necessarily more or less indefinite.   It must be an estimate, based on experience in the prosecution of the industry of husbandry.   The evidence was open to contradiction by witnesses having knowledge which qualified them to testify on the subject, but this opportunity was not taken advantage of at the trial.

We are not able to reach a conclusion that judgment should have been entered for the defendants non obstante veredicto.   It will be noted that the plaintiff was in possession of the premises under a tenancy recognized by the owner of the life estate.   The disputed paper supported the occupancy of the plaintiff.   Nor is there ground for reversal because of the refusal of the court to grant a new trial.   The verdict was not clearly excessive under the evidence and the discretion of the trial judge exercised on a rule for new trial is not reviewable except when an abuse of discretion clearly appears.   We conclude therefore that the appeal is not sustained.   The judgment is affirmed.