# Panagos et al. *v.* Plack, Appellant.

*Trusts and trustees—Parties—Suit against trust estate—Failure to include one of the trustees—Amendment—Practice, C. P.*

1. Where one of two trustees signs an agreement, and suit on the agreement is subsequently brought against the trustee alone who signed the contract, it is too late after a trial on the merits to object that the second trustee was not made a party defendant; if the objection had been made at the proper time an amendment could have been had.

*Landlord and tenant—Lease—Failure to give possession—Damages—Loss of bargain—Speculative damages—Evidence.*

2. If a lease provides that possession shall be given by a certain date, and possession is not given on the date specified, the lessees are justified in treating the engagement as broken, and in refusing to recognize further obligation under it.

3. A tenant who has taken possession of part of the demised premises, is not prevented from surrendering them, in the absence of some conduct showing a waiver of his rights, when it becomes apparent the agreement is not to be carried out, or, if he remains, may refuse to pay rent if the contract is an entire one; otherwise, he is entitled to a proportionate reduction, where he is deprived of the use of part of the property.

4. In such case, where no bad faith appear, an allowance for the loss of the bargain will not be permitted.

5. The right, however, to reimbursement to the lessee for outlays actually incurred on the faith of the contract, exists.

6. In determining such loss, all expenditures which the parties contemplated would be made as a result of the agreement, are to be considered, but claims for damages, remote or speculative, are to be disregarded.

7. Where the lessor knows that the lessee of the premises has paid a large amount to one of the tenants in possession at the date of the lease for the latter's stock, and the lessor fails to give possession because he is unable to oust the other tenants, and the lessee resells the stock at a loss, the lessee in a suit to recover the loss may show what he paid for the stock, as an aid in fixing the damages.

8. The statement that the trustee received compensation for negotiating the sale, is competent, with other evidence, to show whether the extent of possible damage which would arise from the breach of his contract could have been in the mind of the lessor.

Argued April 16, 1923.    Appeal, No. 177, Jan. T., 1923, by defendant, from judgment of C. P. Blair Co., June T., 1922, No. 262, on verdict for plaintiff, in case of James Panagos et al., trading as Panagos Brothers v. B. V. Plack, Trustee of estate of Louis Plack, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of lease of real estate.    Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $11,000 on which judgment was entered for $10,000, all above that amount having been remitted.    Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Thomas H. Greevy,* with him *J. D. Hicks,* for appellant.—Damages must be such as naturally and ordinarily flow from the breach: McClowry v. Croghan, 1 Grant 307; Bitner v. Borough, 11 Pa. 127; Adams Express Co. v. Egbert, 36 Pa. 360; Wolf v. Studebaker, 65 Pa. 459; Billmeyer v. Wagner, 91 Pa. 92; Hutchison v. Snider, 137 Pa. 1; Kinports v. Breon, 193 Pa. 309; Gray v. Howell, 205 Pa. 211.

The damage grew out of a collateral or subordinate undertaking: Clyde Coal Co. v. R. R., 226 Pa. 391; Raby v. Ward-Meehan Co., 261 Pa. 468; Breneman v. Mylin, 51 Pa. Superior Ct. 395.

*R. A. Henderson,* with him *J. F. Sullivan* and *J. Austin Sullivan,* for appellees.—The mere inability of the lessor to carry out his contract of lease does not relieve him of liability.    He is liable on his express agreement to give possession, although he has no control over the event which renders him unable to carry out the contract: McClowry v. Croghan's Admr., 31 Pa. 22; Smart

v. Allegaert, 8 W. N. C. 217; Cozens v. Stevenson, 5 S. & R. 421.

The rule as to measure of damages for breach of contract of lease, on part of lessor, has been definitely stated in late decisions: Bartram v. Hering, 18 Pa. Superior Ct. 395; Breneman v. Mylin, 51 Pa. Superior Ct. 395.

OPINION BY MR. JUSTICE SADLER, May 7, 1923:

The Plack Estate owned a building in the City of Altoona, and, in 1918, leased the first floor for five years to Jacobs Brothers, providing against subletting without consent. In fact, however, one of the rooms was placed in the possession of others, though on the trial it was insisted there had been a waiver of objection on part of the lessor. Above, an apartment was occupied by another tenant, Mrs. Greenwood, under a monthly contract. Subsequently, Panagos Brothers, the plaintiffs, desired to rent the entire property for restaurant purposes, and entered into negotiations with the owners, agreeing to pay a larger consideration for its use, as well as make substantial improvements at their own cost, if the term was fixed at five years, with certain privileges as to renewal. To make possible the new contract, a surrender of the rights of the tenants occupying the property was necessary, and, for his services in bringing this about, the sum of $1,000 was paid defendant. He arranged with Jacobs Brothers to remove on the payment, by the proposed lessees, of $12,500 for their good-will and fixtures,—receiving personally from them $1,500 for his aid in bringing about the sale,—and the full consideration was turned over by the new tenants before taking possession.

When the contract was made on January 20, 1921, the lessor agreed to give the occupancy of the first story at once, with the exception of the room sublet, which was to be delivered in seven days, and the apartment of Mrs. Greenwood within two or three weeks. Plaintiffs moved in, paying the first month's rent, and, later, the amount

due for the second, and then withdrew, because the possession of the entire building had not been transferred, as stipulated. ·The property they had purchased from Jacobs Brothers was then sold for $2,500, which, under proper instructions, was determined by the jury to be its fair market value. An action was begun by them to recover damages for loss sustained, and a verdict for the difference between the price paid and the amount received was awarded. Another item allowed,—the sum of $1,000 paid defendant trustee,—was subsequently deducted by order of the court, in view of failure to properly make such claim in the statement filed.

Though the errors assigned here are numerous, they are largely dependent on facts, and these have been decided adversely to the defendant. The jury found there was an agreement to give possession within a fixed time, which was violated, and its finding renders unimportant the contention that the sublessee on the first floor was a trespasser, and, therefore, the reasonable effort made to dispossess him satisfied the duty owed by the lessor. The court submitted the matter fairly, as it did the question whether the obligation to oust Mrs. Greenwood from the second floor was waived by the acceptance of an assignment of her lease. Nor can we see merit in the complaint,—raised only after trial,—that the suit was brought against the managing trustee alone, who signed the agreement, not including as a party a second, who took no active part in the transaction. If the objection had been made at the proper time, an amendment could have been had. It is too late to raise it after trial on the merits.

The real controversy rests on the instructions as to the measure of damages to be applied in a case of this character. If, as the jury found, there was an agreement to give possession by a certain date, the lessees were justified in treating the engagement as broken, and in refusing to recognize further obligation when the understanding was not complied with: White v. Realty Co., 80 Pa.

Superior Ct. 49. Though a tenant has taken possession of a part of the premises, he is not prevented from surrendering them, in the absence of some conduct showing a waiver of his rights, when it becomes apparent the agreement is not to be carried out, or, if he remains, may refuse to pay rent if the contract is an entire one (McClurg v. Price, 59 Pa. 420) ; otherwise, he is entitled to a proportionate reduction, if he is deprived of the use of part of the property.

Appellant insists the recovery here is to be limited to nominal damages and actual expenses incurred, in the absence of proof of bad faith. As in the case of the breach of sale of real estate, where no mala fides appears, an allowance for loss of the bargain is not permitted: Bitner v. Brough, 11 Pa. 127; McClowry v. Croghan, 31 Pa. 22; Bartram v. Hering, 18 Pa. Superior Ct. 395. The right, however, to reimbursement for outlays actually incurred on the faith of the contract exists (Steel v. Frick, 56 Pa. 172; Yeager v. Weaver, 64 Pa. 425; McCafferty v. Griswold, 99 Pa. 270) ; and, in determining the loss, all expenditures which the parties contemplated would be made as a result of the agreement, are to be considered: Wilson v. Wernwag, 217 Pa. 82; Raby v. Ward-Meehan Co., 261 Pa. 468. Claims for damages, remote or speculative, are, of course, to be disregarded: Cornelius v. Lytle, 246 Pa. 205; Breneman v. Mylin, 51 Pa. Superior Ct. 395.

In the present case, it was necessary for defendant to secure the surrender by Jacobs Brothers of their rights as lessees, before he could obtain the advantageous contract with plaintiffs. He knew the amount the new lessees were paying to procure this consent, and aided in making the arrangement. The sum was paid, but, by reason of failure to give possession, a large loss occurred, —not due to a sacrifice sale of the goods purchased, for they were disposed of at a just price, as the jury determined. That such a situation might arise, must, or should, have been in the mind of the lessor, as he was

well aware of the amount advanced, and that the payment was largely for good will of an established business. Having induced the plaintiffs to act, so that he could obtain a more profitable agreement, the ensuing loss from its breach cannot be shifted to the other party not in default. The situation is different from that presented in Smart v. Allegaert, 8 W. N. C. 217, affirmed, 10 W. N. C. 29, where the lessor failed to give possession of one of three houses, and, in defense to a claim for rent, an offer to show depreciation in the value of goods purchased for use in the building was set up, and the evidence rejected. Nothing there indicated the supposed injury could have been contemplated by the parties. A like distinction may be made in the case of Robrecht v. Marling (W. Va.), 2 S. E. 761, which is in line with the decision of our own court in Cornelius v. Lytle, supra.

It is further urged that a new trial should be awarded for the reason that the bill of sale to plaintiffs, showing the sum paid to Jacobs Brothers for the property bought, to secure surrender of possession, was improperly admitted in evidence, as was the statement that Plack had received $1,500 for negotiating the sale. The first fact, in connection with the proof of the amount received when the later sale was had on removal from the premises, aided in fixing the damages; and the second, taken with the other evidence as to the negotiations which led to the withdrawal of the former tenants, was of aid to the jury in determining whether the extent of possible damage could have been in the mind of the lessor.

Though not referring specifically to the assignments filed, all have been considered, and are overruled.

The judgment is affirmed.

See Plack's Estate, supra 387.